UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| DANIEL SISK, Individually, and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>ENERGY INSPECTION SERVICES, LLC<br><br>*Defendant.* | § § § § § § § § § § § § § § | Civil Action No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION (Fed. R. Civ. P. 23) |

**ORIGINAL COLLECTIVE COMPLAINT**

1. Plaintiff Daniel Sisk (Sisk) brings this lawsuit to recover unpaid overtime wages and other damages from Energy Inspection Services, LLC (EIS) under the Fair Labor Standards Act (FLSA) and the New Mexico Minimum Wage Act, NMSA §50-4-19, et. seq. ("NMMWA").

2. Sisk worked for EIS as a welding inspector.

3. Sisk and the Day Rate Inspectors (as defined below) regularly worked for EIS in excess of forty (40) hours each week.

4. But EIS did not pay them overtime.

5. Instead of paying overtime as required by the FLSA and NMMWA, EIS improperly paid Sisk and the Day Rate Inspectors a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

**JURISDICTION AND VENUE**

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §

1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District.

10. Sisk performed work for EIS in this District in Eddy and Lea Counties, New Mexico.

## THE PARTIES

11. Sisk worked for EIS from approximately January 2019 until October 2019 as a Welding Inspector.

12. Throughout his employment, EIS paid Sisk a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

13. Sisk's consent to be a party plaintiff is attached as **Exhibit A**.

14. Sisk brings this action on behalf of himself and all other similarly situated workers who were paid by EIS's day-rate system.

15. EIS paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

16. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All current and former inspectors employed by EIS Inspection Services, LLC and who were paid a day rate the past three (3) years (the "Day Rate Inspectors").**

17. The identities of the Day Rate Inspectors can be readily ascertained from EIS' records.

18. Second, Sisk represents a class of similarly situated inspectors under the NMMWA pursuant to Federal Rule of Civil Procedure 23.

19. The NMMWA Class is defined as:

> **Current and former inspectors employed by Energy Inspection Services, LLC in New Mexico and paid a day-rate without overtime during the past three years.**

20. Energy Inspection Services, LLC is a company doing business throughout the United States. EIS may be served by serving its principal office: 479 Wolverine Drive, #9, Bayfield, Colorado 81122. *See* NMRA 1004(G)(2).

## COVERAGE UNDER THE FLSA

21. At all times hereinafter mentioned, EIS was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

22. At all times hereinafter mentioned, EIS was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all relevant times, EIS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

24. At all relevant times, EIS has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

25. In each of the past 3 years, EIS's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

26. At all relevant times, Sisk and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

27. EIS uniformly applied its policy of paying its Inspectors, including Sisk, a day rate with no overtime compensation.

28. EIS applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

29. By paying its Inspectors a day rate with no overtime compensation, EIS violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

30. As a result of this policy, EIS and the Day Rate Inspectors do not receive overtime as required by the FLSA.

31. EIS's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

32. EIS provides inspection services to the oil and gas industry. EIS's services include the inspection of pipeline and facility construction, maintenance and operations.

33. To complete its business objectives, it hires personnel (like Sisk) to perform inspection work.

34. The job titles of these personnel include AWS-CWI and CPWI welding inspectors, NACE coating/corrosion inspectors, Utility inspectors, Environmental inspectors, Chief Inspectors, I&E Inspectors, Safety Inspectors, and Tank Inspectors among others.

35. Many of these individuals worked for EIS on a day rate basis (without overtime pay).

36. These workers make up the proposed collective of Day Rate Inspectors.

37. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38. Throughout Sisk's employment with EIS, EIS paid him on a day rate basis.

39. Sisk and the Day Rate Inspectors work for EIS under its day rate pay scheme.

40. Sisk and the Day Rate Inspectors do not receive a salary.

41. If Sisk and the Day Rate Inspectors did not work, they did not get paid.

42. Sisk and the Day Rate Inspectors receive a day rate.

43. Sisk and the Day Rate Inspectors do not receive overtime pay.

44. This is despite the fact Sisk and the Day Rate Inspectors often worker 10 or more hours a day, for 6 days a week, for weeks at a time.

45. For example, Sisk received a day rate for each day he worked for EIS.

46. Although he typically worked 6 days a week, for 10 or more hours a day, he did not receive any overtime pay.

47. Sisk and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

48. Sisk and the Day Rate Inspectors are not employed on a salary basis.

49. Sisk and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from EIS irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

50. Sisk and the Day Rate Inspectors work in accordance with the schedule set by EIS and/or its clients.

51. Sisk's work schedule is typical of the Day Rate Inspectors.

52. EIS controls Sisk and the Day Rate Inspectors' pay.

53. Likewise, EIS and/or its clients control Sisk and the Day Rate Inspectors' work.

54. EIS requires Sisk and the Day Rate Inspectors to follow EIS and/or its clients' policies and procedures.

55. Sisk and the Day Rate Inspectors' work must adhere to the quality standards put in place by EIS and/or its clients.

56. Sisk and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

57. As an Inspector, Sisk was responsible for ensuring EIS's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

58. All EIS's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

59. Sisk and the Day Rate Inspectors provide inspection reports to EIS (and/or its clients') personnel.

60. At all relevant times, EIS and/or its clients maintained control over Sisk and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

61. Sisk and the Day Rate Inspectors do not have the power to hire or fire any employees.

62. Sisk's working relationship with EIS is similar EIS's relationship with its other Day Rate Inspectors.

63. EIS knew Sisk and the Day Rate Inspectors worked more than 40 hours in a week.

64. EIS knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA and NMMWA.

65. Nonetheless, EIS failed to pay Sisk and the Day Rate Inspectors overtime.

66. EIS willfully violated the FLSA.

## CAUSES OF ACTION
## FLSA VIOLATIONS

67. By failing to pay Sisk and those similarly situated to him overtime at one-and-one-half times their regular rates, EIS violated the FLSA's overtime provisions.

68. EIS owes Sisk and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

69. Because EIS knew, or showed reckless disregard for whether, its pay practices violated the FLSA, EIS owes these wages for at least the past three years.

70. EIS is liable to Sisk and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

71. Sisk and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### NMMWA VIOLATIONS

72. Sisk brings this claim under the NMMWA as a Rule 23 class action.

73. The conduct alleged violates the NMMWA (NMSA § 50-4-22).

74. At all relevant times, EIS was subject to the requirements of the NMMWA.

75. At all relevant times, EIS employed Sisk and each New Mexico Class Member with New Mexico state law claims as an "employee" within the meaning of the NMMWA.

76. The NMMWA requires employers like EIS to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week. Sisk and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

77. EIS had a policy and practice of misclassifying Sisk and each member of the New Mexico class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

78. Sisk and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

79. Sisk and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by EIS, as provided by the NMMWA.

80. The improper pay practices at issue were part of a continuing course of conduct, entitling Sisk and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

81. Sisk incorporates all previous paragraphs and alleges that the illegal pay practices EIS imposed on them were likewise imposed on the members of the class.

82. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NMMWA.

83. Numerous other individuals who worked with Sisk indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

84. Based on his experiences and tenure with EIS, Sisk is aware that EIS's illegal practices were imposed on the members of the class.

85. EIS used day rate inspectors across the United States.

86. EIS's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the class.

87. Sisk's experiences are therefore typical of the experiences of the members of the class.

88. The specific job titles or precise job locations of the various members of the class do not prevent class or collective treatment.

89. Sisk has no interests contrary to, or in conflict with, the members of the class. Like each member of the class, Sisk has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

90. A class and collective action, such as the instant one, is superior to other available

means for fair and efficient adjudication of the lawsuit.

91. Absent this action, many members of the class likely will not obtain redress of their injuries and EIS will reap the unjust benefits of violating the FLSA and the NMMWA.

92. Furthermore, even if some of the members of the class could afford individual litigation against EIS, it would be unduly burdensome to the judicial system.

93. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

94. The questions of law and fact common to each of the members of the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    (a) Whether EIS employed the members of the class within the meaning of the FLSA and the NMMWA;

    (b) Whether EIS's decision to classify the members of the class was made in good faith;

    (c) Whether EIS's decision to not pay time and a half for overtime to the members of the class was made in good faith;

    (d) Whether EIS's violations of the FLSA was willful; and

    (e) Whether EIS's illegal pay practices were applied uniformly across the nation to all members of the class.

95. Sisk's claims are typical of the claims of the members of the class. Plaintiffs and the members of the class sustained damages arising out of EIS's illegal and uniform employment policy.

96. Sisk knows of no difficulty that will be encountered in the management of this litigation that would preclude their ability to go forward as a collective action.

97. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

98. Sisk demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment against EIS as follows:

- (a) For an order allowing this action to proceed as a FLSA collective action and directing notice to the class;

- (b) For an order pursuant to section 16(b) of the FLSA finding EIS liable for unpaid back wages, and an equal amount of liquidated damages, due to Sisk and the class members;

- (c) For an order designating the state law class as a class action pursuant to FED. R. CIV. P. 23;

- (d) For an order awarding Sisk and the class members the costs of this action;

- (e) For an order awarding Sisk and the class members their attorneys' fees;

- (f) For an order awarding Sisk and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

- (g) For an order awarding Sisk and the class members pre- and post-judgment interest at the highest rates allowed by law; and

- (h) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP LAW FIRM**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    11 Greenway Plaza, Suite 3025
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFFS**